UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TREVOR E. YOUNGBLOOD, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-0459 (RCL) |
| ALBERTO GONZALES *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

MEMORANDUM OPINION

Petitioner is a federal prisoner at the Federal Correctional Institution in Ft. Worth, Texas. In an application for a writ of *habeas corpus*, petitioner challenges his conviction imposed by the United States District Court for the Southern District of Alabama following a plea of guilty. Pet. at 1. Petitioner claims that the sentencing court lacked subject matter jurisdiction over the criminal charges and that his attorney provided ineffective assistance of counsel by failing to raise the jurisdictional issue. *Id*. at 2-3. For the following reasons, the Court dismisses the case for want of jurisdiction.

A challenge to a judgment of conviction and sentence must be brought before the sentencing court pursuant to 28 U.S.C. § 2255. Under that statute,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (where petitioner attacked the constitutionality of the statute under which he was convicted and sentenced, the proper remedy was by motion under 28 U.S.C. § 2255); *see also Ojo v.*

*Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

Petitioner states that his remedy under § 2255 is inadequate because "[t]he Legislative-Territorial Court [from which the claim] arose lacks the Constitutional authority to entertain and to adjudicate the issues herein . . . ." Pet. at 3. This argument has no basis in law or fact. *See* 28 U.S.C. § 132 (creating a United States District Court in each judicial district); *Rogers v. United States District Court for the Northern District of Tex., Dallas Division*, No. 06-5214, 2006 WL 3498294 (D.C. Cir., Nov. 13, 2006) ("The district court correctly concluded that appellant's complaint is frivolous. . . . Contrary to appellant's assertions, the United States District Court for the Northern District of Texas is an Article III court."). This Court therefore may not entertain the application for a writ of *habeas corpus*.[1]

                                                        _____s/_____
                                                        Royce C. Lamberth
                                                        United States District Judge

Date: April 16, 2008

---

[1] A separate Order of dismissal accompanies this Memorandum Opinion.